UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-126 |
| | ) | |
| JASON JENNINGS MELTON, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This case is before the Court on Defendant Jason Jennings Melton's *pro se* Motion in Request for Immediate Judgement [sic] of Suppression and Dismissal with Prejudice Seeking 4th Amendment Relief [Doc. 39] and letter [Doc. 40], listing questions and requests for the Court, both of which are dated January 20, 2011, and were received by the Court and docketed on January 25, 2011. The Defendant is represented by Attorney Robert L. Vogel, who was appointed to represent the Defendant on October 21, 2010. Since Attorney Vogel's appointment, the Defendant has twice filed *pro se* motions [Docs. 16 and 34] requesting Mr. Vogel's withdrawal and has twice come before the Court and stated that he wanted Mr. Vogel to continue to represent him. In the interim, Attorney Vogel has filed eleven motions on the Defendant's behalf, including motions to suppress evidence seized in a search of the Defendant's residence [Doc. 25] and to suppress statements made by the Defendant to law enforcement [Doc. 24]. The Court permitted [Doc. 36] the Government to defer responding to these motions while the matter of the Defendant's representation was resolved and set a new response deadline of February 4, 2011. The parties are to appear before the Court for a hearing on the pending defense motions on February 24, 2011, at 10:00 a.m. It is in this context

that the Defendant has filed his *pro se* motion and letter. The Government has given notice [Doc. 41] that it will not respond to the substance of the Defendant's *pro se* filings, unless ordered to do so by the Court, because the Defendant is represented by counsel.

Generally, *pro se* motions filed while the party is represented by counsel violate the local rules:

> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the court, after notice by the party to the attorney and to the opposing party. However, the court may, in its discretion, hear a party in open court, notwithstanding the fact that the party is represented by an attorney.

E.D.T.N. LR 83.4(c). The Defendant presents no valid or compelling reason for granting him permission to file *pro se* pleadings while he continues to be represented by counsel. Moreover, the Defendant runs the risk of waiving his attorney-client privilege and disclosing the details of his defense strategy by such filings. Accordingly, the Defendant's *pro se* motion and letter [**Docs. 39 and 40**] are **DENIED as moot**. The Defendant is encouraged to take up his questions and the issues he seeks to raise with his very capable attorney.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge