IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:10-CR-126 |
| JASON JENNINGS MELTON, | ) | (PHILLIPS/GUYTON) |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the following pretrial motions of Defendant Melton:

(1) Request for Disclosure of Exculpatory Evidence [Doc. 19],

(2) Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 20],

(3) Motion for Disclosure of Material Witnesses [Doc. 21],

(4) Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial [Doc. 22],

(5) Motion in Limine to Suppress Evidence Offered Pursuant to F.R.E. 404(b), 608(b), 609, 801(d), 803, 804, or 807 [Doc. 23],

(6) Motion in Limine Concerning In-Court Identification of the Defendant [Doc. 26],

1

(7) Motion in Limine Concerning Sequestration of Witnesses [Doc. 27],

(8) Motion in Limine Concerning Any Physical Evidence [Doc. 28],

(9) Motion for Notice of the Government's Intention to Use Evidence [Doc. 29],

all of which were filed on November 24, 2011.[1] After an extensive briefing schedule, the Court held hearings on the motions on March 22 and April 12, 2011.[2] Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Robert L. Vogel represented the Defendant, who was also present. At the conclusion the hearing, the Court took the parties' filings and the arguments of counsel under advisement.

## I. UNCONTESTED DISCOVERY MOTIONS

At the March 22 hearing, defense counsel stated that the following discovery motions were no longer in contention: Request for Disclosure of Exculpatory Evidence [Doc. 19], Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [Doc. 20], Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial [Doc. 22], and Motion for Notice of the Government's Intention to Use Evidence [Doc. 29]. The Government's responses [Docs. 46, 48, and 50] to the first three of these motions state that the relief sought by the Defendant is already covered by the Court's

---

[1] The Motion to Suppress Defendant's Statements [Doc. 24] and Motion to Suppress Search Warrant and Evidence Recovered [Doc. 25] will be addressed in a separate Report and Recommendation.

[2] The evidentiary hearing on the motion to suppress statements was reopened on May 3, 2011.

Order on Discovery and Scheduling [Doc. 10]. The Government's response [Doc. 53] to the Motion for Notice of the Government's Intention to Use Evidence states that the relief requested by the Defendant is not required by Federal Rule of Criminal Procedure 12(b)(4)(B). At the motion hearing, defense counsel stated that he was satisfied with the Government's response on these motions. Accordingly, because the motions are no longer in contention and because the relief requested has either already been ordered or is not required under the procedural rules, the Defendant's discovery motions [**Docs. 19, 20, 22,** and **29**] are **DENIED as moot**.

## II. DISCLOSURE OF MATERIAL WITNESSES

Pursuant to Roviaro v. United States, 353 U.S. 53 (1957), the Defendant moves [Doc. 21] the Court to order the Government to disclose in writing the names and addresses of all persons present at the times and places of the offense alleged in the Indictment. The Government responds [Doc. 51] that Rule 16 of the Federal Rules of Criminal Procedure does not require the disclosure of Government witnesses. Moreover, it states that the Defendant has made no specific showing or, in fact, any showing, that pretrial disclosure of the names and addresses of witnesses is necessary in this case.

In the present case, the Defendant is charged [Doc. 1] with being a felon in possession of firearms and ammunition on August 12, 2010. This charge arises out of the search of the Defendant's residence pursuant to a search warrant in the early morning hours of August 12, 2010. Evidence presented in relation to the Motion to Suppress the Defendant's Statements shows that the Defendant was at home with his girlfriend and her minor son at the time that the firearm and ammunition were discovered. Accordingly, the Court finds that the Defendant is aware of the

persons who were present at the time and place of the alleged offense.

At the motion hearing, defense counsel stated that the Defendant was seeking to learn the identity of the confidential informant[3] in this case because that information is relevant to his suppression motion: "[T]he confidential informant's identity is material to the motion we're going to argue today for suppression, and [the defense] honestly can't fathom how [it] could possibly argue for a suppression motion without affirmative knowledge, including the person supplying what the hearsay evidence is." [Doc. 74, transcript at p.7] With regard to the identities of confidential informants, the Supreme Court has recognized what has become known as the informer's privilege:

> What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law. The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

Roviaro v. United States, 353 U.S. 53, 59 (1957) (citations omitted). This privilege is limited by the requirement that criminal trials be fundamentally fair. Id. at 60. In other words, the informer's privilege must yield when the informant's identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of a cause." Id. at 60-61. This determination is subject to a case-by-case balancing of "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62. In performing this balancing, the court should consider among other factors the charges, the potential defenses, and the significance of the

---

[3]During argument on the suppression motion, defense counsel stated that he believed he knew the confidential informant to be the former downstairs tenant at the Defendant's residence, although the Government refused to confirm his suspicion. [Doc. 74, transcript p.8-9]

4

informer's testimony. Id. The Sixth Circuit has held that danger to the life of the informant is entitled to significant weight in the balance. United States v. Jackson, 990 F.2d 251, 255 (6th Cir. 1993).

In balancing a defendant's need for the informant's identity against the public interest in protecting the flow of information, courts have looked to the informant's degree of involvement in the charged offenses. Courts are more likely to require disclosure when the informant is a "key witness," who has arranged and participated in an illegal transaction, than when the informant merely gives officers a tip that proves helpful in securing a search warrant. United States v. Lloyd, 400 F.2d 414, 416 (6th Cir. 1968); United States v. Sharp, 778 F.2d 1182, 1186 n.5 (6th Cir. 1985) (noting that disclosure is usually required when an informant is an "active participant in the events underlying the defendant's potential criminal liability" and usually not required when the informant is a "mere tipster or introducer"); see, e.g., United States v. McManus, 560 F. 2d 747, 751 (6th Cir.), cert. denied, 434 U.S. 1047 (1978) (affirming the denial of disclosure when the informant was not a direct participant in the drug transaction). In the present case, the confidential informant was not present at the Defendant's home on August 12, 2010, when the firearm and ammunition were discovered there. See, e.g., Jackson, 990 F.2d at 255 (affirming denial of disclosure when the informant was not present at the time the defendant was arrested).

Moreover, to compel the disclosure of the identity of a confidential informant, a defendant must do more than speculate that knowing that identity would be helpful to his or her defense. See United States v. Moore, 954 F.2d 379, 381 (6th Cir. 1992) (holding that "[m]ere invocation of [one's due process rights] does not automatically outweigh the public interest in protecting confidential informants"). "An informant must be disclosed only upon a showing by the

defendant that disclosure is essential to a fair trial." Id. A court may require disclosure if it finds that the informant's provision of relevant testimony, which is material to the defense, is "reasonably probable." McManus, 560 F. 2d at 751. Here, the Defendant contends that the identity of the confidential informant is necessary for him to pursue his motion to suppress evidence seized pursuant to a search warrant. He argues that the information from the confidential informant contained in the search warrant affidavit was not credible, reliable, or corroborated and, therefore, cannot supply probable cause for the search warrant. The Court observes that it evaluates the sufficiency of probable cause to support a search warrant based upon the four corners of the affidavit.[4] United States v. Hatcher, 473 F.2d 321, 323 (6th Cir. 1973). Moreover, the Court would note that the Defendant is not entitled to know the identity of an informant for purposes of a suppression hearing. United States v. Cummins, 912 F.2d 98, 103 (6th Cir. 1990). Given the minimal weight the Court assigns to the Defendant's alleged need for the confidential informant's identity, the Court finds that the balance tips in favor of the privilege. Accordingly, the Defendant's Motion for Disclosure of Material Witnesses [**Doc. 21**] is **DENIED**.

### III. MOTIONS IN LIMINE

The Defendant also brings four motions *in limine* seeking pretrial, jury-out rulings on the admissibility of evidence and the sequestration of all incarcerated witnesses: Motion in Limine to Suppress Evidence Offered Pursuant to F.R.E. 404(b), 608(b), 609, 801(d), 803, 804, or

---

[4]Although the Defendant has argued for a Franks hearing, to go beyond the substance of the affidavit to show that the search warrant affiant made a material false statement, the Court has denied such a hearing [Doc. 74, transcript at p. 14] because the Defendant failed to make the requisite preliminary showing.

807 [Doc. 23]; Motion in Limine Concerning In-Court Identification of the Defendant [Doc. 26], Motion in Limine Concerning Sequestration of Witnesses [Doc. 27], and Motion in Limine Concerning Any Physical Evidence [Doc. 28].

*(1) Admissibility of Evidence [Docs. 23 and 28]*

The Defendant moves [Doc. 23] the Court to exclude any evidence controlled by Rules 404(b), 608(b), 609, 801(d), 803, 804, or 807 of the Federal Rules of Evidence, until the Court rules on the admissibility of that evidence in a on-the-record, jury-out hearing. Similarly, the Defendant asks [Doc. 28] the Court exclude any physical evidence, specifically items seized from the Defendant's residence during the execution of the search warrant, until the Government authenticates this evidence, proves that it is relevant, and proves the proper chain of custody was maintained in a jury-out hearing. The Government objects [Docs. 45 and 54] to the procedure requested by the Defendant. It contends that the Defendant offers no support for his sweeping demand that the Court rule on the admissibility of all of the Government's evidence before trial. It asserts that the Defendant may challenge the admissibility of evidence and present arguments regarding the chain of custody or the weight that the jury should give to the evidence at trial. At the motion hearing, defense counsel asked the Court to reserve the motion [Doc. 23] for the District Judge's determination and that he would supplement the motion with the specific issues in need of resolution before trial.

The Court finds that the Defendant is essentially seeking the Court's agreement to a jury-out determination of all contested evidence. Whether such a jury-out determination is appropriate with regard to any particular piece of evidence or testimony is a matter within the District

Judge's discretion. To the extent that the Defendant intends to raise specific issues regarding the admissibility of certain evidence, the Court notes that the deadline for filing motions *in limine* is presently **August 8, 2011**.[5] These motions should be tailored to address specific issues. Accordingly, the Defendant's Motion in Limine to Suppress Evidence Offered Pursuant to F.R.E. 404(b), 608(b), 609, 801(d), 803, 804, or 807 [**Doc. 23**] and Motion in Limine Concerning Any Physical Evidence [**Doc. 28**] are **DENIED**, because they are overly broad and premature. This ruling does not prejudice the Defendant's ability to make specific challenges under the listed evidentiary rules to specific evidence in motions *in limine* filed by the deadline.

*(2) Sequestration of Witnesses*

The Defendant moves [Doc. 27] the Court to order that all witnesses in this case be sequestered to prevent them from influencing or coaching each other's testimony. He also requests that the Court conduct a hearing to determine whether there has been communication between Government witnesses that amounts to coaching or undue influence.

The Government opposes [Doc. 49] this proposed procedure, arguing that the Defendant has not shown it to be necessary in this case. The Government states that it will instruct all of its witnesses not to discuss their testimony with any other witness. It argues that defense counsel will be able to cross-examine each of the Government's witnesses to determine whether they have communicated with anyone about their testimony. The Government concludes that, ultimately, the jury will determine whether to believe the witnesses' testimony.

---

[5]If the trial date is continued due to the Government's request [Doc. 89] for an evaluation of the Defendant's sanity at the time of the offense or defense counsel's motion to withdraw [Doc. 91], then a new deadline for filing motions *in limine* will be provided.

The Defendant replies [Doc. 61] that Federal Rule of Evidence 615 requires, upon a party's request, the exclusion of witnesses from the courtroom so that they cannot hear each other's testimony. He argues that this rule should be extended to sequestration of the witnesses outside of the courtroom, because the danger of witness collusion, particularly among incarcerated witnesses who spend hours in close proximity to each other while awaiting their turn to testify, is great. He asserts that in contrast, the remedy of sequestering witnesses during transportation to and from the courthouse and while waiting to testify, is reasonable.

Rule 615 of the Federal Rules of Evidence provides, in pertinent part, that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion." First, the Court of Appeals for the Sixth Circuit has yet to determine whether Rule 615 extends beyond sequestering witnesses from the courtroom. United States v. Solorio, 337 F.3d 580, 592 (6th Cir.), cert. denied, 124 S. Ct. 850 (2003) (stating that "we feel no need to decide the delicate issue of whether Rule 615 extends beyond the courtroom"). Moreover, the Defendant has failed to show any need for adopting such an expansive interpretation of Rule 615 in this case. Based upon the evidence presented with regard to the Defendant's suppression motion, it appears that the Government's witnesses against the Defendant will primarily be law enforcement officers involved in the search of the Defendant's residence. Although the Defendant expresses concern that the Government will call the confidential informant, who is in custody, to testify at trial, it is not clear that there will be other incarcerated witnesses with whom this witness would have the opportunity to collude. Without some showing of even the potential for collusion, the Court finds no need to protect against witness collusion beyond the methods available in any case, i.e., counsels' admonishing their witnesses not to discuss

their testimony with others and the potential exposure of any improper communications during cross-examination. Accordingly, the Defendant's Motion in Limine Concerning Sequestration of Witnesses [**Doc. 27**] is **DENIED**.

*(3) In-Court Identification of Defendant*

The Defendant moves [Doc. 26] the Court to exclude any in-court identification of the Defendant by any Government witness at trial, because such identifications are inherently unreliable and prejudicial. He argues that the Government cannot prove by clear and convincing evidence that the in-court identification is based upon the independent knowledge of the witness, rather than the witness having been shown a photograph of the Defendant by the prosecution or the witness's guess based upon the fact that the Defendant is sitting at the defense table. To remedy this identification problem, the Defendant asks the Court to order a pretrial identification procedure in which the Government's witnesses must identify the Defendant in a line-up, while counsel is present. He maintains that this procedure will reveal if the witness has been coached or is guessing about the Defendant's identity and will prevent the jury from being prejudiced, mislead, or confused.

The Government responds [Doc. 47] that no photographic line-ups have been used in this case, thus the in-court identification of the Defendant by Government witnesses is not subject to any taint from a former identification. It contends that its witnesses will identify the Defendant based upon their personal knowledge of and familiarity with him. Additionally, it asserts that defense counsel can cross-examine the Government's witnesses about the basis for their identifications and can argue to the jury that the identifications are erroneous, but that the in-court identifications of the Defendant are relevant evidence and should be admitted.

At the motion hearing, defense counsel did not seek to provide additional argument on this motion, but he suggested that this may be a matter that needs to be deferred for the District Judge's determination at trial. Defense counsel stated that no identification issue appears to be present based upon the search of the Defendant's home and the finding of items therein. He stated that the identification of the Defendant could become an issue, however, if the confidential informant testifies at trial.

The Due Process clause of the Fifth Amendment protects against the admission of a pretrial identification that is so "'impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" Thigpen v. Cory, 804 F.2d 893, 895 (6th Cir. 1986) (quoting Simmons v. U.S., 390 U.S. 377, 384 (1968)). The case law cited by the Defendant is concerned with the potential for an unduly suggestive pretrial identification to taint a subsequent in-court identification. See Simmons, 390 U.S. at 384 (holding that "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification"); United States v. Causey, 834 F.2d 1277, 1284-85 (6th Cir. 1987) (discussing whether the witness's identification of the defendant as the perpetrator based upon viewing a single photograph tainted the witness's subsequent in-court identification of the defendant), cert. denied 486 U.S. 1034 (1988); Summit v. Bordenkircher, 608 F.2d 247, 249 (6th Cir. 1979) (observing that the "inherent danger [of misidentification at trial], however, is significantly increased whenever the identification is tainted by unnecessary and unduly suggestive procedures"), cert. denied 445 U.S. 926 (1980).

In the instant case, no pretrial identification of the Defendant has occurred and,

therefore, the Court finds the cases cited by the Defendant and the procedure he suggests to be inapplicable. As noted by the Government, defense counsel will have the opportunity to challenge a witness's in-court identification of the Defendant by cross-examination and will be able to argue any flaws in that identification to the jury. The Defendant's Motion in Limine Concerning In-Court Identification of the Defendant [**Doc. 26**] is **DENIED**.

## CONCLUSION

For the reasons discussed above, it is **ORDERED** that

(1) The Defendant's Request for Disclosure of Exculpatory Evidence [**Doc. 19**] is **DENIED as moot**;

(2) The Defendant's Motion to Compel Disclosure of the Existence and Substance of Promises of Immunity, Leniency or Preferred Treatment [**Doc. 20**] is **DENIED as moot**,

(3) The Defendant's Motion for Disclosure of Material Witnesses [**Doc. 21**], is **DENIED**;

(4) The Defendant's Motion for Notice and Disclosure of Any Rule 404(b) Evidence the United States Seeks to Introduce at Trial [**Doc. 22**] is **DENIED as moot**,

(5) The Defendant's Motion in Limine to Suppress Evidence Offered Pursuant to F.R.E. 404(b), 608(b), 609, 801(d), 803, 804, or 807 [**Doc. 23**] is **DENIED** at this time, without prejudice as to raising specific issues in motions *in limine*;

(6) The Defendant's Motion in Limine Concerning In-Court Identification of the Defendant [**Doc. 26**] is **DENIED**;

(7) The Defendant's Motion in Limine Concerning Sequestration of Witnesses [Doc. 27] is **DENIED**,

(8) The Defendant's Motion in Limine Concerning Any Physical Evidence [Doc. 28] is **DENIED** at this time, without prejudice as to raising specific issues in motions *in limine*; and

(9) The Defendant's Motion for Notice of the Government's Intention to Use Evidence [Doc. 29] is **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

_s/ H. Bruce Guyton_
United States Magistrate Judge