UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 3:10-CR-126 |
| v. ) | |
| ) | JUDGE PHILLIPS |
| JASON JENNINGS MELTON ) | |

PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee; the defendant, Jason Jennings Melton; and the defendant's attorney, A. Philip Lomonaco, have agreed upon the following:

1. The defendant will plead guilty to Count One in the Indictment, being a previously convicted felon in possession of firearms and ammunition, in violation of Title 18, United States Code, Section 922(g)(1). Because this defendant is an armed career criminal, as defined in Title 18, United States Code, Section 924(e), he faces a mandatory minimum term of imprisonment of fifteen (15) years and up to life, a term of supervised release of up to five (5) years, a fine of up to $250,000, and a special assessment of $100.

2. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt: (1) the defendant knowingly possessed the firearms and ammunition as charged, (2) at the time he possessed the firearms and ammunition, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, and (3) the possession of the firearms and ammunition was in or affecting commerce.

3. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On August 12, 2010, officers executed a search warrant at the defendant's residence, located at 535 River Road in Loudon, Tennessee, which is within the Eastern District of Tennessee. During the execution of the search warrant, a Mossberg sawed off shotgun was found behind the stove. The shotgun was loaded with five rounds of ammunition in it. The shotgun had a wooden stock and ammunition strapped to the side of the stock. Additionally, in the upstairs guest bedroom, a .380 pistol was found in the drawer of the bunk bed, wrapped in a shirt. The defendant admits he knowingly possessed these firearms and ammunition.

ATF Special Agent Rebecca Bobich examined the firearms and ammunition recovered. She determined that the firearms and ammunition were manufactured outside of the State of Tennessee, and therefore, they must have affected interstate commerce to have been found in Tennessee.

The defendant is a multi-convicted felon. First, on June 30, 1999, in DeKalb County Criminal Court case number 99-21, the defendant entered a guilty plea to the following offenses, all of which he committed on January 16, 1999: 1.) burglary, a class C felony (count one), 2.) theft over $1,000, a class D felony (count two), 3.) aggravated burglary, a class C felony (count three), and 4.) theft over $1,000, a class D felony (count four).

2

Case 3:10-cr-00126 Document 113 Filed 05/02/12 Page 2 of 7 PageID #: 741

Second, on January 5, 2001, in DeKalb County Criminal Court case number 00-46(A), the defendant entered a guilty plea to aggravated burglary, a class C felony, which he committed on April 10, 2000.

Third, also on January 5, 2001, in DeKalb County Criminal Court case number 00-47(A), the defendant entered a guilty plea to burglary, a class D felony, which he committed on April 10, 2000.

Fourth, on February 22, 2002, the defendant was found guilty after a jury trial of the following offenses, both of which he committed on May 9, 2000: 1.) aggravated burglary, a class C felony (count three) and 2.) escape, a class E felony (count four).

4. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

5. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the defendant and the United States agree that a total sentence of imprisonment of one hundred and eighty (180) months, followed by a term of supervised release, is the appropriate disposition of this case. However, the Court may still impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to impose the agreed sentence, the defendant will have the right to withdraw the defendant's guilty plea(s).

6. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full

amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

5

Case 3:10-cr-00126 Document 113 Filed 05/02/12 Page 5 of 7 PageID #: 744

9. a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant agrees not to file a direct appeal of the defendant's conviction(s) or sentence except the defendant retains the right to appeal a sentence imposed above the sentencing guideline range or any applicable mandatory minimum sentence (whichever is greater) determined by the district court.

b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the defendant's conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

10. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea

agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

11. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

WILLIAM C. KILLIAN
~~NANCY STALLARD HARR~~
~~ACTING~~ UNITED STATES ATTORNEY

May 2, 2012
Date

By: *Kelly A. Norris*
Kelly A. Norris
Assistant United States Attorney

3-25-11
Date

*Jason Jennings Melton*
Jason Jennings Melton
Defendant

3-25-11
Date

*A. Philip Lomonaco*
A. Philip Lomonaco
Attorney for the Defendant

7