IN THE UNITED STATES DISTRICT COURT FOR THE FILED

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

2018 AUG 20 P 12: 56

JASON JENNINGS MELTON

PETITIONER

V

UNITED STATES OF AMERICA

RESPONDENTS                              CASE NO. 3:10-CR-126


MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE

PURSUANT TO 28 U.S.C. § 2255(f)(3)

BASED ON NEW SUPREME COURT LAW IN

FLORENCIO ROSALES-MIRELES 138 S Ct 1897

( JUNE 18, 2018 )

Comes now Petitioner Jason Jennings Melton who move this
Honorable Court to vacate set aside or correct his sentence for
the following reasons.  Petitioner states that there is plain error
that affects his substantial rights of a miscalculation in his
sentence that causes him to linger longer than the law allows in
Federal Prison if the error in his sentence is not corrected.

Petitioner Melton an Armed Career Criminal states that a
miscalculation in his sentence is plain error because Tennessee's
Aggravated Burglary Statute, Tenn.CodeAnn. 39-14-403, was not a

1

violent felony that triggered a sentencing enhancement under the
ACCA because 39-14-403 was indivisible and covered vehicles or
movable enclosures only if they were habitable, and was thus broader
than the definition of "generic burglary" under the ACCA.
On September 13, 2012 In The United States District Court For The
Eastern District Of Tennessee (At Knoxville), Petitioner Jason Melton
was sentenced to 180 months as an Armed Career Criminal based on a
June 30, 1999 conviction in Dekalb County Criminal Court Case Number
99-21 for Aggravated Burglary and a January 5, 2001 conviction for
Aggravated Burglary in Cannon County Criminal Court Case Number 00-46
(A). Petitioner also had a February 22, 2002 Aggravated Burglary.
The Plea Agreeement was filed May 2, 2012 at Docket Number 113, Case
Number 3:10-CR-00126. It also stated that Petitioner Melton was a
Multi-Convicted Felon based on a June 30, 1999 Count 2 Aggravated
Burglary Case Number 99-21 and a January 5, 2001 Aggravated Burglary
Case Number 00-46(A) and a February 22, 2002 Aggravated Burglary.


Petitioner Melton was Indicted for violating 18 U.S.C. § 922(g)(1)
and 924(e) in Case Number 3:10-CR-126 E.D. of Tenn., (Knoxville) on
August 12, 2010. In United States v Victor J. Stitt,II (CA6,2017)
860 F.3d 854, 2017 U.S. App. LEXIS 11403, the 6th Circuit held-----
Defendant's Tennessee Aggravated Burglary conviction under Tennessee's
Aggravated Burglary Statute Tenn.CodeAnn 39-14-403 was 'indivisible'
and covered vehicles or movable enclosures if they were habitable,
and was thus broader than the definition of "generic burglary"

2

under the ACCA. The 6th Circuit also held that-----Although the ACCA enumerates burglary as one of several "violent felonies" that can lead to the 15 year minimum, 924(e)(2)(B)(ii), not every conviction [labeled] as "burglary" under State Law qualifies as a violent felony. Instead, Congress intended to encompass only those convictions arising from burglary statutes that conform to, or are narrower than, the "generic" definition of burglary. To determine whether a defendant's State-Court Burglary convictions qualify, the Court applies the "categorical approach." Under this approach, the court compares the statutory elements of the State Burglary Statute to the elements of "generic burglary." "If the elements of the State Law Burglary are the same as, or narrower than those of generic burglary, then the defendant's conviction count as violent felonies under the ACCA. Tennessee defines aggravated burglary as the "burglary of a habitation; Tenn Code Ann 39-14-403 and defines "habitation" as any structure which is designed or adapted for the overnight accomodation of persons Tenn Code Ann 39-14-401(1)(A). The US Supreme Court has determined that under the Armed Career Criminal Act, "generic burglary" means an unlawful or unpriviledged entry into, or remaining in, a building or other structure, with intent to commit a crime. Although the Supreme Court has left "building or other structure" undefined, it has confirmed repeatedly that vehicles and movable enclosures (e.g., railroad cars, tents, and booths "[fall outside]" the definitional sweep of "building or other structure." The 6th Circuits conclusion that Tennessee's Aggravated Burglary Statute sweeps more broadly than generic burglary under the Armed Career Criminal Act conflicts with

3

its decision in United States v Nance, 481 F.3d 882 (6th Cir. 2007), which held that the Statute matches the ACCA's definition of generic burglary. The 6th Circuit overrules Nance. In 2007, "WE," the 6th Circuit held that a conviction under Tennessee's aggravated burglary statute, Tenn.CodeAnn. 39-14-403, categorically qualifies as an enumerated "violent felony" that triggers a sentencing enhancement under the (ACCA), 18 USC 924(e). United States v nance, 481 F.3d 882, 887 (6th Cir. 2007); See also United States v Priddy, 808 F.3d 676, 684 (6th Cir. 2015). Several years later, we reached the opposite conclusion about Ohio's similarly worded burglary statute, Ohio Rev. Code 2911.12(A)(3). United States v Coleman 655 F.3d 480, 482 (6th Cir. 2011), abrogated on other grounds by Johnson v United States 135 S Ct 2551 (2015). We resolve this conflict by overruling Nance and holding that a conviction for Tennessee Aggravated Burglary is not a violent felony for purposes of the ACCA.

In Billy Chad Reese v United States (CA6, 2018) 2018 US App. LEXIS 7181 March 22, 2018, the 6th Circuit held---Defendant's convictions for Tennessee Aggravated Burglary, Tenn.Code.Ann. 39-14-403, could not serve as ACCA predicates under 18 USC 924(e)(1) because conviction for Tennessee aggravated burglary was not a violent felony for purposes of the ACCA. Judgement was vacated and case remanded with instructions to resentence petitioner without the ACCA enhancement. The US Supreme Court in Johnson 135 S Ct 2551 (2015) held that the ACCA residual clause is void for vagueness. A conviction for Tennessee Aggravated Burglary is not a violent felony for purposes of the ACCA.

4

In United States v Yahir Lara (CA6, 2014) 590 Fed. Appx. 574; 2014 US App. LEXIS 21283; Nov.5, 2014, the 6th Circuit held---Tenn.Code Ann. 39-14-403 does not categorically qualify as generic burglary of a dwelling within meaning of US Sentencing Guidelines Manual 2L1.2 (b)(1)(A)(ii), cmt., application n.1(B)(iii). Thus, defendant's conviction was not categorically a crime of violence. The Court reversed holding that 39-14-403 was categorically a crime of violence. Tenn.Code.Ann. 39-14-403 does not categorically qualify as generic burglary of a dwelling within meaning of 2L1.2(b)(1)(A)(ii), cmt., application n.1(B)(iii).

On September 13, 2012 Petiioner Jason Melton was sentenced in The Eastern District of Tennessee (Knoxville) to 180 months as an Armed Career Criminal. In Florencio Rosales-Mireles v United States 138 S Ct 1897 June 18, 2018, the US Supreme Court held--The Court Of Appeals abused its discretion in applying unduly burdensome standard to conclude that miscalculation of Sentencing Guidelines range did not seriously affect the fairness, integrity or public reputation of judicial proceedings and thus did not call for the Court of Appeals to exercise its discretion to vacate defendant's sentence, and [miscalculation]of Sentencing Guidelines range that was determined to be plain error and to affect defendant's substantial rights would, in the ordinary case, seriously affect the fairness, integrity, or public reputation of judicial proceedings and thus would call for the

5

Court of Appeals to exercise its discretion to vacate defendant's

sentence. The Supreme Court further held---To satisfy the condition

that an error affected the defendant's substantial rights, as required

for a Court of Appeals to exercise its discretion to correct a plain

error that was not brought to the district court's attention, the

defendant ordinarily must show a reasonable probability that, but for

the error, the outcome of the proceeding would have been different. Once

one of the three conditions have been met for a Court of Appeals to

consider exercising its discretion to correct a plain error that was

not brought to the district court's attention, the defendant ordinarily

must show a reasonable probability that, but for the error, the outcome

of the proceeding would have been different. Once the three conditions

have been met for a Court of Appeals to consider exercising its

discretion to correct a plain error that was not brought to the

district court's attention, the Court of Appeals should exercise its

discretion to correct the forfeited error if the error seriously

affects the fairness, integrity, or public reputation of judicial

proceedings. Although rule, providing that a Court of Appeals may

consider errors that are plain and affect substantial rights, even

though they were raised for the first time on appeal, is permissive,

not mandatory, Courts should correct a forfeited error that affects

the fairness, integrity or public reputation of judicial proceedings.

Fed.R.Cr.P. 52(b).

Miscalculation of Sentencing Guidelines range that was determined

to be plain error and to affect defendant's substantial rights would

in the ordinary case, seriously affect the fairness, integrity or public reputation of judicial proceedings and thus would call for the Court of Appeals to exercise its discretion to vacate defendant's sentence. Guideline's miscalculation ultimately resulted from judicial error, remand for resentencing, while not costless, did not invoke the same difficulties as remand for retrial and reasonable citizen would have diminished view of the judicial process if courts refused to correct obvious errors of their own devise that the retrial to require defendant's to linger longer in federal prison than the law demanded.

Petitioner Jason Melton states that Tenn.Code.Ann. 39-14-403 is indivisible and categorically no longer a violent felony under the ACCA as the 6th Circuit has held in United States v Lara (CA6, 2014) 590 Fed.Appx. 574; 2014 US App LEXIS 21283; Nov. 5, 2014 and Reese v United States (CA6, 2018) 2018 US App LEXIS 7181 March 22, 2018 and United States v Coleman 655 F.3d 480, 482 (6th Cir. 2011) and United States v Stitt, II (CA6, 2017) 860 F.3d 854, 2017 US App LEXIS 11403. The 6th Circuit recently held in Billy Chad Reese v United States (CA6, 2018) LEXIS 7181 March 22, 2018 that-----Tenn.Aggravated Burglary under Tenn.Code.Ann. 39-14-403 could not serve as an ACCA predicate under 18 USC 924(e)(1) because conviction for Tennessee Aggravated Burglary was not a violent felony for purposes of the ACCA.

Petitioner Jason Melton states that there is a miscalculation in his Guideline calculation of his sentence as an Armed Career Criminal of plain error and that he will linger longer in federal prison if this miscalculation of his sentence is not corrected because his

7

Tennessee (3) three Aggravated Burglary convictions that made him an Armed Career Criminal back in 2012 when he were sentenced no longer qualifies as ACCA predicates.

Petitioner Melton moves this Court to correct the plain error and grant him relief from the miscalculation of his guideline sentence of 180 months as an Armed Career Criminal. Without using the (3) three prior Aggravated Burglary convictions against Petitioner Melton from January 16, 1999 Case Number 99-21 in Dekalb County, Tennessee and a 2001 Aggravated Burglary in Dekalb County, Tennessee in Case Number 00-46(A) and a February 22, 2002 Aggravated Burglary in Cannon County, Tennessee, he would not have been determined to be an Armed Career Criminal and received a guideline enhanced sentence of 180 months.

Petitioner Melton plead guilty to a 11(c)(1)(C) Plea Agreement of the Fed.R.Cr.P. for a sentence of 180 months. In Hughes v United States No. 17-155 138 S Ct 1765 June 4, 2018, the Supreme Court held-- A Type-C-Plea Agreement is based on Sentencing Guidelines range as required for sentence reduction eligibility, if that range was part of framework district court relied on in imposing sentence, abrogating United States v Benitez, 822 F.3d 807, United States v McNeese, 819 F.3d 922, United States v Graham, 704 F.3d 1275, United States v Browne 698 F.3d 1042, United States v Dixon 687 F.3d 356, United States v Thompson 682 F.3d 285, United States v Rivera-Martinez 665 F.3d 344, United States 658 F.3d 608 and United States v Smith

8

658 F.3d 608 and United States v Brown 653 F.3d 337. Defendant
Hughes's Guideline range was a basis for his sentence and thus he
was eligible for sentence reduction. If an Amendment to the Sentencing
Guidelines applies retroactively, the Sentencing Reform Act authorizes
district court's to reduce the sentences of prisoners who were
sentenced based on a guidelines range that would have been lower had
the Amendment been in place when they were sentenced.

In General 18 USC 3582(c)(2) allows district courts to reconsider
a prisoner's sentence based on a new starting point that is, a lower
guidel;ine range and determine whether a reduction is appropriate.
Even though Petitioner Melton was not sentenced on drug charges in his
Fed.R.Cr.P. 11(c)(1)(C) Plea Agreement, under Hughes, he moves this
Court to exercise its discretion to consider a sentence reduction under
18 USC 3582(c)(2) because the Amended Guidelines for Type-C-Plea
Agreements has been lowered.

CONCLUSION

For the reasons argued and cited herein, Petitioner Jason Melton
states that his prior (3) three Aggravated Burglaries under Tenn.Code
Ann. 39-14-403 are indivisible under the categorical approach citing
United States v Stitt (CA6, 2017) 860 F.3d 854 and citing Reese 2018
US App. LEXIS 7181 March 22, 2018 and are no longer considered violent
felonies and that he cannot no longer be categorized as an Armed
Career Criminal.

9

## RELIEF

Petitioner Meltonrequest that this court correct the plain error in his guideline sentence and vacate the three prior Tennessee Aggravated Burglary Convictions that were used to make him an Armed Career Criminal in his sentencing in 2012. Petitioner further request an evidentiary hearing upon resentencing to resolve any disputed factual matters.

_/s/_

Jason Melton
Fed ID# 43171-074
USP CANAAN
PO BOX 300
Waymart, PA. 18472

8-9-18
DATE

10

CERTIFICATE OF SERVICE

I Jason Melton Petitioner do hereby certify that on August 18, 2018 that I mailed a true and complete copy of this Motion To Vacate, Set Aside or Correct Sentence pursuant to 28 USC 2255(f)(3) to the following below by depositing this instrument in the US MAILROOM MAILBOX here at USP CANAAN using the correct US POSTAGE.


1.   Clerk Of Court
     United States District Court
     Eastern District Of Tennessee (Knoxville)
     Howard H. Baker Jr. United States Courthouse
     800 Market Street, Suite 130
     Knoxville, TN      37902