UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JASON JENNINGS MELTON,<br>Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | Nos. 3:10-cr-126, 3:18-cv-347<br>Judge Phillips |

**RESPONSE IN OPPOSITION TO
PETITIONER'S 28 U.S.C. § 2255 MOTION**

The United States opposes petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner's motion is untimely, barred by the § 2255 waiver in his plea agreement, and meritless.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2010, petitioner pleaded guilty to possessing a firearm as a felon pursuant to a Rule 11(c)(1)(C) agreement. (R. 113, Plea Agreement.) In that agreement, petitioner admitted that he was "an armed career criminal," as defined in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and stipulated that a sentence of 180 months' imprisonment was the appropriate disposition of his case. (*Id*. at 1, 4.) Petitioner also "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence." (*Id*. at 6.) Petitioner retained only his right to pursue § 2255 "claims of ineffective assistance of counsel or prosecutorial misconduct." (*Id*.)

The criminal history which petitioner agreed qualified him for an ACCA-enhanced sentence included prior Tennessee convictions for a Class D burglary, an aggravated robbery, and three aggravated burglaries. (Presentence Report (PSR) at ¶¶ 31, 32, 34.) Based on those

prior convictions, the Court deemed petitioner an armed career criminal and, on September 19, 2012, sentenced him to 180 months' imprisonment. (R. 130, Sentencing Tr.; R. 120, Judgment.)

Petitioner did not appeal his conviction or sentence, and the judgment became final on October 3, 2012. *See*, *e.g.*, *Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the 14-day period for filing a direct appeal has elapsed). Almost six years later—on August 18, 2018—petitioner filed a § 2255 motion in which he alleged that he is no longer an armed career criminal in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (R. 131, § 2255 Memorandum; *accord* R. 131-2, § 2255 Motion at 6 (listing August 18, 2018 as the date of mailing).) The United States inadvertently overlooked the response deadline set by Standing Order 16-02 for this case and has thus filed a contemporaneous motion for a *nunc pro tunc* extension.

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief under § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

2

# DISCUSSION

A. <u>Petitioner's § 2255 motion should be dismissed as untimely.</u>

A one-year period of limitation applies to § 2255 motions. 28 U.S.C. § 2255(f). That period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, petitioner's conviction became final on October 3, 2012, nearly six years before petitioner filed his § 2255 motion on August 18, 2018. Thus, petitioner's motion is untimely under § 2255(f)(1).

Petitioner's motion is likewise untimely under § 2255(f)(3). Although petitioner's motion seeks to take advantage of *Johnson*—a decision which announced a new and retroactively applicable rule of constitutional law as to armed career criminals, *e.g.*, *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016)—petitioner filed his motion over three years after June 26, 2015—*i.e.*, the date *Johnson* was decided. Thus, petitioner's motion cannot be deemed timely under § 2255(f)(3).

Moreover, petitioner has not alleged, and nothing in the record suggests, that petitioner was prevented from filing his motion based on a governmental impediment—§ 2255(f)(3)—or

3

Case 3:10-cr-00126-TWP-HBG   Document 134   Filed 01/15/19   Page 3 of 8   PageID #: 831

that his motion is based on any newly discovered facts that he could not have previously discovered—§ 2255(f)(4). In short, petitioner's motion cannot be deemed timely under any portion of §2255(f).

The one-year statute of limitations for § 2255 motions is not a jurisdictional bar and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Equitable tolling is "used sparingly by federal courts," and "[t]ypically . . . applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). A petitioner bears the burden of establishing that equitable tolling applies to his case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). That burden is a heavy one because, "[a]bsent compelling equitable considerations, a court should not extend limitations *by even a single day*." *Jurado*, 337 F.3d at 643 (citation omitted and emphasis added). To satisfy his burden, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *accord Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011) ("We conclude that *Holland*'s two-part test [is] the governing framework in this circuit for determining whether a habeas petitioner is entitled to equitable tolling.").

Petitioner has not made such a showing in this case. As an initial matter, petitioner has failed to demonstrate that he has been pursuing his rights diligently. Following the issuance of the judgment in this case on September 19, 2012, petitioner did not make any attempt to challenge the validity of his ACCA sentence until he filed his § 2255 motion on August 18, 2018—almost six years later. And even after *Johnson* was decided, petitioner waited over three years to file his § 2255 motion.

4

Petitioner has suggested that he filed a "*Johnson* motion" in June 2016. (R. 129, 133, Letters (asserting that his "spouse mailed it in").) However, the docket sheet does not reflect any such motion. Rather, the only items the Court received from petitioner before his instant § 2255 motion were a June 23, 2014 letter requesting a copy of the docket sheet (R. 127, Letter), a March 23, 2015 letter requesting additional documents from the docket (R. 128, Letter), and a September 12, 2016 letter asking about the status of an alleged "*Johnson* appeal" (R. 129, Letter). None of those items qualify as a § 2255 motion, nor do they establish that petitioner has been pursuing his rights diligently. Even if this Court were to assume that petitioner had pursued his rights diligently, petitioner would remain ineligible for equitable tolling because he failed to identify any "extraordinary circumstance" that stood in his way and prevented him from timely filing his § 2255 petition. *Holland*, 130 S. Ct. at 2562. Indeed, petitioner offers no excuse for waiting over three years after *Johnson* to file his § 2255 petition.

In short, petitioner is not eligible for equitable tolling, and his § 2255 motion should be dismissed as untimely.

B.     Petitioner's motion is also barred by the § 2255 waiver in his plea agreement.

It is well settled that a waiver of § 2255 claims is enforceable. *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001. After all, a criminal defendant may "waive any right, even a constitutional right," by means of a plea agreement. *Id*. at 451 (quoting *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001)). In his plea agreement in this case, petitioner expressly "waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack [his] conviction(s) and/or resulting sentence." (R. 113, Plea Agreement at 6.) The only claims which petitioner retained the right to raise on collateral review were claims of "ineffective assistance of counsel" or "prosecutorial misconduct." (*Id*.) Petitioner's purportedly

5

*Johnson*-based challenge to his sentence does not fall within that category. Accordingly, even if petitioner's § 2255 motion were timely—it is not—it should still be dismissed as barred by the § 2255 waiver in petitioner's plea agreement. *See*, *e.g.*, *Slusser v. United States*, 895 F.3d 437, 438 (6th Cir. 2018) (finding that petitioner's waiver of his § 2255 rights in his plea agreement was enforceable and barred his *Johnson*-based challenge to his armed-career-criminal classification).

C.      In any event, *Johnson* does not affect the validity of petitioner's sentence.

Petitioners "seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d at 959, 964 (6th Cir. 2006). Here, petitioner alleges that his ACCA sentence is unconstitutional in light of *Johnson*. (R. 131, § 2255 Memorandum.) However, *Johnson* did not automatically invalidate all ACCA sentences, and petitioner has not met his burden of demonstrating that his sentence is invalid under *Johnson*.

The ACCA requires a fifteen-year minimum sentence for a felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the *residual clause* of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct.

at 2563 (emphasis added). However, the Court emphasized that its "decision d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*. Thus, "Johnson does not reopen *all* sentences increased by the Armed Career Criminal Act." *Potter v. United States*, 887 F.3d 785, 787 (6th Cir. 2018) (emphasis in original). For a petitioner to obtain § 2255 relief under *Johnso*n, he must show that his ACCA-enhanced sentenced was necessarily based on a predicate violent felony that only qualified as such under the residual clause. *Id*. at 788; *accord Dimott v. United States*, 881 F.3d 232, 241-42 (1st Cir. 2018); *Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017); *Stanley v. United States*, 827 F.3d 562, 566 (7th Cir. 2016).

Petitioner has not—and cannot—meet that burden in this case. Petitioner alleges that his three prior Tennessee aggravated burglary convictions no longer qualify as violent felonies in light of *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (*en banc*). However, the Supreme Court recently reversed that Sixth Circuit decision and held that a conviction under Tennessee's aggravated burglary statute categorically qualifies as a violent felony under the ACCA's enumerated-offense clause. *United States v. Stitt*, 139 S. Ct. 399, 406 (2018). Binding Sixth Circuit precedent also establishes that Tennessee Class D burglary qualifies as a violent felony under the enumerated-offense clause, *e.g.*, *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017), and that Tennessee aggravated robbery qualifies as a violent felony under the use-of-force clause, *e.g.*, *United States v. Mitchell*, 743 F.3d 1054, 1059-60 (6th Cir. 2014); *United States v. Lester*, 719 F. App'x 455 (6th Cir. 2017).

In short, *Johnson* did not affect the violent-felony status of any of petitioner's ACCA predicates. Petitioner was—and remains—properly sentenced as an armed career criminal, so his motion is meritless and cannot justify relief, even if it had not been untimely and waived.

7

## CONCLUSION

In sum, petitioner's § 2255 motion is untimely and barred by the § 2255 waiver in his plea agreement and should be dismissed on either of those bases. In any event, petitioner has not met his burden of demonstrating that the application of the ACCA violated due process in his case. On the contrary, petitioner still has five prior convictions that qualify as ACCA predicates under non-residual-clause portions of the statute. Petitioner was properly sentenced as an armed career criminal, and his § 2255 motion should accordingly be denied.

Respectfully submitted,

J. Douglas Overbey
United States Attorney

By:   *s/ Debra A. Breneman*
Debra A. Breneman
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on January 15, 2019, this response was filed electronically and that a true copy was sent to petitioner by regular United States mail, postage prepaid, addressed as follows:

Jason Jennings Melton
Reg. No. 43171-074
U.S.P. Canaan
P.O. Box 300
Waymart, PA  18472

*s/ Debra A. Breneman*
Debra A. Breneman
Assistant United States Attorney

8

Case 3:10-cr-00126-TWP-HBG   Document 134   Filed 01/15/19   Page 8 of 8   PageID #: 836