UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 3:10-CR-126-KAC-JEM |
| JASON JENNINGS MELTON, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER DENYING EMERGENCY MOTION

This criminal action is before the Court on Defendant's August 20, 2024 pro se "Emergency Motion to Change Release Conditions and Supervision" [Doc. 142]. In that Motion, Defendant Jason Jennings Melton moves the Court to modify his "release conditions" and order that "his federal supervision . . . be transferred to the United States District Court for the Eastern District of New York" [*See* Doc. 142 at 3]. The United States promptly responded to the Emergency Motion, [*see* Doc. 144], opposing Defendant's request, [*see id.* at 7-9]. For the reasons below, the Court denies Defendant's Emergency Motion.

In the United States District Court for the Eastern District of Tennessee, Defendant pled guilty to being a felon in possession of firearms and ammunition [Doc. 120 at 1]. This Court sentenced him to 180 months' imprisonment to be followed by five (5) years of supervised release [*Id.* at 2-3]. Defendant represents that while incarcerated, his "residential address was officially changed" to an address in Brooklyn, New York; but he was later informed that "the requested address change to Brooklyn, New York, has been rejected" [*See* Doc. 142 at 1-2]. He asserts that he is set to be released from his federal term of imprisonment on or about September 2, 2024 [*See id.*]. However, it appears that Defendant is subject to a detainer issued by

the Knox County, Tennessee Sheriff's Office (located in the Eastern District of Tennessee) for a six (6) year sentence to be served consecutive to his federal sentence [*See* Doc. 144-1 at 3].

18 U.S.C. § 3605 provides that:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.

Under Section 3605, then, this Court may not unilaterally order that Defendant's supervision be transferred to another district court, as Defendant requests. *See also United States v. Ohler*, 22 F.3d 857, 858-59 (6th Cir. 1994) (describing the transfer process). Nor, on this record, can this Court determine that it would be appropriate to request that the United States District Court for the Eastern District of New York accept transfer of Defendant's supervision at this time. Other than Defendant's blanket assertion that releasing him to supervision in the Eastern District of Tennessee would be "unreasonable and unsafe," Defendant presented no evidence to suggest that this Court should request a transfer. And Defendant's stated preference to serve his term of supervised release in the Eastern District of New York does not, alone, move the needle when the Knox County Sheriff's Office, in this District, filed a detainer for Defendant. Accordingly, the Court **DENIES** Defendant's "Emergency Motion to Change Release Conditions and Supervision" [Doc. 142].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge