UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

United States of America,
Plaintiff,

v.

Jason Melton,
Defendant.

Case No.: 10-CR-126

## Motion to Authorize Appeal of Order Denying Emergency Motion

COMES NOW, Jason Melton and Richard Ulloa Melton, Attorney in Fact and Power of Attorney for Jason Melton, and respectfully moves this Honorable Court to authorize an appeal of the Order entered on August 30, 2024, denying Defendant's Emergency Motion to Change Release Conditions and Supervision pursuant to Federal Rule of Appellate Procedure 4(b) and other applicable laws. In support of this motion, Defendant states the following:

### Procedural Background

1 - On August 20, 2024, Defendant filed a pro se Emergency Motion to Change Release Conditions and Supervision, seeking modification of his release conditions to transfer his supervision from the Eastern District of Tennessee to the Eastern District of New York. The motion was based on Defendant's established residential address in New York and significant safety concerns related to his release under supervision in Tennessee and as a fact that Tennessee had stated they would not be executing the detainer, making it a serious Emergency issue.

On August 30, 2024, this Court issued an Order denying the Defendant's motion, citing statutory requirements under 18 U.S.C. § 3605, which necessitate the concurrence of the receiving court for such transfers. The Court also noted the existence of a detainer from Knox County, Tennessee, and concluded that Defendant's generalized safety concerns and preference for New York were insufficient grounds for transfer. The court never contact the US Eastern District Court of New York, or any probation officer in the Eastern District of New York.

From uscode.house.gov

### §3605. Transfer of jurisdiction over a probationer

A court, after imposing a sentence, **may transfer jurisdiction over a probationer or person on supervised release to the district court** for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court. A later transfer of jurisdiction may be made in the same manner. **A court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer** or releasee that are permitted by this subchapter or subchapter B or D of chapter 227.

(Added Pub. L. 98–473, title II, §212(a)(2), Oct. 12, 1984, 98 Stat. 2003 .)

### 2 - Basis for Appeal

The Defendant seeks to appeal this Order on the grounds that the Court:

- The Court Failed to Address Substantial Safety Concerns.

Erred in failing to fully consider the safety concerns raised by Defendant, which are critical to the conditions of his supervised release.

Defendant raised serious and credible concerns regarding his personal safety if supervised in Tennessee, highlighting specific threats that pose risks to his successful reintegration. Such as no home in Tennessee, no viable family relations, no friends and the court is willing to deprive Melton a strong family backing and support which is in Brooklyn, New York. The Court's failure to hold an evidentiary hearing or seek further evidence on these safety concerns before denying the motion constitutes an abuse of discretion. Safety is a critical factor in determining supervised release conditions, and appellate review is necessary to

ensure these concerns are not dismissed without proper consideration. The court would rather release Melton for supervision in a town where he always has gotten into trouble, with no family, no friends, no stable home environment, homeless, living in a shelter, collecting EBT and on STATE social services including health. Rather than a stable home in Brooklyn, New York with guarantees to be able to start a Auto Detailing business.

**- Improperly applied 18 U.S.C. § 3605 by denying the motion outright without exploring the feasibility of engaging with the receiving court in New York for concurrence.**

The Court's strict interpretation of 18 U.S.C. § 3605 was overly narrow and failed to consider the Court's discretionary power to initiate the process for transferring supervision. Section 3605 allows the sentencing court to seek concurrence from another district, and there was no statutory prohibition against requesting such concurrence based on the compelling circumstances presented by Mr. Melton. By denying the motion without exploring this procedural pathway, the District Court improperly curtailed its own authority and neglected a potential resolution favorable to the Defendant's safety and rehabilitation.

**- The Court Overlooked Defendant's Established Community Ties and Rehabilitation Needs.**

Overlooked critical evidence regarding the Defendant's established residence in New York and his substantial ties to the community there, where his legal marriage partner is located and have been married since 2017, which significantly impacted the appropriateness of his supervised release conditions. The court ignored all address changes from the US Post Office, Credit Report, Utility bill, marriage certificate.

**- The Detainer from Knox County Should Not Automatically Preclude Transfer of Supervision.**

The court gave undue weight to the detainer without adequately addressing whether temporary or alternate supervision arrangements could be explored.

The existence of a detainer is an administrative consideration that should never solely dictate the outcome of a motion concerning federal supervised release. The Court's undue reliance on the detainer without considering the full scope of options, including temporary measures or collaborative efforts with local authorities, demonstrates a lack of a comprehensive approach to the issue at hand. This appeal would allow higher scrutiny of whether the detainer was appropriately weighed against other critical factors.

I personally spoke to Officer Walker for 30 minutes and he was willing to move the Supervision to the Eastern District of New York, but he needed to make contact with the

Eastern District first. The court failed to contact, New York or even it's own supervisory officers, in my opinion.

### 3. Legal Standard for Authorization of Appeal

Pursuant to Federal Rule of Appellate Procedure 4(b), a defendant in a criminal case must file a notice of appeal within 14 days of the entry of the order being appealed. This motion serves as a request for this Court's authorization to appeal, as Defendant seeks to challenge the denial of his Emergency Motion on substantial grounds.

### 4. Importance of the Appeal

The Defendant's appeal raises important questions about the administration of supervised release, the consideration of safety and practical logistics, the question is why would this court want to release an inmate into a homeless environment, dependent on social services, and with a higher risk of recidivism due to the criminal element in Knox County, and to ignore the statutory framework governing the transfer of supervision between districts. An appeal is necessary to ensure that these critical factors are properly evaluated and to provide clarity on the proper application of 18 U.S.C. § 3605.

### 5. Request for Authorization

WHEREFORE, Defendant respectfully requests that this Honorable Court:

1. Grant this motion and authorize the Defendant to appeal the Order denying his Emergency Motion to Change Release Conditions and Supervision.
2. Allow such other relief as the Court deems just and proper.

PRAYER FOR RELIEF:

WHEREFORE, the Defendant, Jason Melton, by and through his Attorney in Fact, respectfully requests that this Honorable Court:

1. Modify the conditions of Jason Melton's release to allow his federal supervision to be transferred to the United States District Court for the Eastern District of New York.

2. Order the Bureau of Prisons or now the Federal Probation Department of Eastern TN to release Jason Melton to his legal residence at 1049 73rd Street, Brooklyn, New York 11228.

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Richard Ulloa Melton

Attorney in Fact for Jason Melton

1049 73rd Street, Brooklyn, New York 11228

richardenriqueulloa@proton.me

(929) 489-7541

Jason Melton

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon the Plaintiff, United States of America, through the U.S. Attorney's Office, and all other necessary parties on this 1st day of September, 2024.

_____

Richard Ulloa Melton

Attorney in Fact for Jason Melton


_____

Jason Melton        ProSE